VENABLE LLP
Daniel S. Silverman (SBN 137864)
Email: dsilverman@venable.com
Bryan J. Weintrop (SBN 307416)
Email: bjweintrop@venable.com
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901

Attorneys for Respondent
MATT TITLOW

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Thermolife International, LLC,<br><br>　　　　　　　　Petitioner,<br><br>　v.<br><br>Matt Titlow, a California resident,<br><br>　　　　　　　　Respondent. | CASE NO. 2:20-MC-326<br><br>**SUR-REPLY IN SUPPORT OF OPPOSITION TO MISCELLANEOUS ACTION MOVING TO COMPEL THE DEPOSITION OF MATT TITLOW**<br><br>[Action pending in the United States District Court for the Southern District of Florida, Case No. 0:19-cv-60505-RS] |

Respondent Matt Titlow recognizes that sur-replies are disfavored. However, he feels compelled to very briefly respond to some of the outrageous and blatantly false factual statements and procedural improprieties contained in Petitioners' Reply which should result in denial of the Motion.[1] To wit:

First, Petitioners' Reply seeks impermissible relief that was not even requested in the Motion, because Petitioners by their Reply seek an order of contempt and sanctions based on Mr. Titlow's non-appearance at a unilaterally scheduled December 29, 2020 deposition under a subpoena which there is no dispute was not even served on him until December 14, 2020 – ***three days after the Motion was filed***. *See* Reply at 6:2. However, Petitioners' Motion only seeks to compel Mr. Titlow's deposition and an order of contempt based on an alleged failure to appear for an ***October 23, 2020 deposition***. *See* Mot. at 4:19-26. Mr. Titlow has opposed the Motion and maintains that it should be denied as to the October 23, 2020 deposition on the basis that:

1. Petitioners failed to properly serve him or his wife with a valid subpoena for the October 23, 2020 deposition and Petitioners submitted a perjured and patently unreliable affidavit in support of their claim that service was effectuated. Indeed, the fact that Mr. Titlow is now actively opposing the Motion and also served written objections to the December 14, 2020 subpoena after it had been served is strong evidence that Mr. Titlow would have responded to the October subpoena had it actually been served; he would have moved to quash it.

2. The subpoena seeks information that is irrelevant in the Florida Action.

3. The information sought by Petitioners through the deposition is part of a harassment campaign and meritless fishing expedition being perpetrated by Petitioner Kramer against Mr. Titlow. Indeed, Kramer does not deny in the Reply that he has repeatedly threatened to sue Mr. Titlow's company – CSI – regarding claims, albeit without merit, relating to the product Peak O2 that Petitioners admit will be the subject

---

[1] All capitalized terms are used herein as defined in the Opposition unless otherwise indicated.

of the deposition. *See High Tech Med. Instrumentation, Inc. v. New Image Indus, Inc.*, 161 F.R.D. 86, 88 (N.D. Cal. 1995) ("[T]he Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts.").

As such, the relief sought by the Motion relating to the October 23, 2020 deposition must be denied. Further, the relief requested by the Reply relating to the December 29, 2020 deposition must be denied because Petitioners Motion cannot purport to seek relief based on things that had not yet happened as of the filing of the Motion, and which were, thus, not raised therein. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.") Indeed, it would entirely deny Mr. Titlow due process if the Court were to impose an order of contempt against him based on his non-appearance at the December 29, 2020 deposition, which had not even occurred as of the filing of the Motion, and to which he objected.

Second, the Motion must be denied because it fails to comply with the procedural requirements imposed by the Court's Local Rules – as noted by the Court's December 31, 2020 Minute Order granting Petitioners' request for an extension to file their Reply. *See* Dkt. 9. The Motion is procedurally improper at least because: (1) it was filed ***before*** Mr. Titlow was served with a valid subpoena; (2) it does not indicate a hearing date, as required by Local Rules 6-1 and 7-4; (3) Petitioners did not comply with the meet and confer requirements imposed by Local Rules 7-3 and 37-1 (indeed it is undisputed the Motion was not even served on Mr. Titlow until December 16, 2020, ***five days after*** the Motion was filed); and (4) the Motion does not comply with the requirements for discovery motions imposed by Local Rule 37-2. The separate relief relating to the December 29, 2020 deposition raised for the first time in Petitioners' Reply also suffers from these defects and must also be denied on these bases.

Third, Petitioners' request in their Reply brief for an order of contempt based on Mr. Titlow's purported failure to seek a protective order or move to quash the December 14, 2020 subpoena should be denied because:

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

1. As discussed above, that request is not the subject of a duly noticed motion.

2. There is no dispute that Mr. Titlow timely served valid objections to the subpoena on December 28, 2020 regarding the December 29, 2020 deposition, citing, among other objections, the objection addressed in the Opposition that he and his counsel were unavailable from December 29-December 31, 2020. *See* Reply at 6; *see also* Dkt. 7-1 and 7-2.

3. Petitioners misquote *Evans v. Baxter Healthcare Corp.*, No. CV1204919WHOKAW, 2013 WL 3786313, at *2 (N.D. Cal. July 17, 2013), which states in the very following sentence cited in the Reply that "[i]n addition, nonparty witnesses *may prevent disclosure by serving the subpoenaing attorney with a written objection* within 14 days after the subpoena is served" (emphasis added).

4. It would have been entirely redundant for Mr. Titlow to file a separate Motion to Quash or for a Protective Order regarding the December 29, 2020 deposition because the reasons for such motions were already presented to the Court through Mr. Titlow's Opposition to Petitioners' Motion; and

5. To the extent the Court agrees with Petitioners that Mr. Titlow was required to file a separate motion for protective order and/or motion to quash instead of his validly served written objections, Mr. Titlow requests that the Court either: (a) construe his opposition to the Motion to Compel as a motion for protective order and/or motion to quash to be heard in connection with the Motion to Compel, as the basis for either such motion would be based on the same substantive grounds of irrelevance and harassment set forth in the Opposition; (b) allow Mr. Titlow an opportunity to file a Motion for Protective Order and/or Motion to Quash given the lack of procedural clarity presented by the present circumstances; or (c) find that Mr. Titlow had a valid reason for not moving to quash and/or for a protective order prior to not appearing for the December 29, 2020 deposition because he had actively opposed Petitioners' Motion to Compel and timely served written objections prior to the date set for his deposition.

*See* Fed. R. Civ. P. 45(g) (holding that a court may hold a person in contempt only where a person "fails without adequate excuse to obey the subpoena"); *BNSF Ry. Co. v. Alere, Inc.*, No. 18-CV-291-BEN-WVG, 2018 WL 2267144, at *9 (S.D. Cal. May 17, 2018) (holding that non-party had adequate excuse for non-compliance with subpoena where it had served written objections prior to date of deposition because issues relating to service of subpoena rendered it unclear whether proper entity had been duly served).

Finally, the Motion should be denied on the grounds that there has been no order issued by the court in the Florida Action contemplating that Mr. Titlow's deposition may properly take place given that it is now after Petitioners' absolute December 30, 2020 deadline, for which the court said "no extension will be granted." *See* 0:19-cv-60505-RS (S.D. Fla.), Dkt. 189.

For the foregoing reasons, Petitioners' Motion and all relief requested thereby, including that requested in the Reply, should be denied.

Dated: January 6, 2021                          VENABLE LLP

                                                By: */s/ Daniel S. Silverman*
                                                    Daniel S. Silverman
                                                    Bryan J. Weintrop
                                                    Attorneys for Respondent
                                                    MATT TITLOW